FRED C. SANBORN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40963. Promulgated April 8, 1930.

*Harry Friedman, Esq.*, for the petitioner.
*W. F. Gibbs, Esq.*, for the respondent.

## OPINION.

SEAWELL: The deficiencies in question are for the years 1925 and 1926 and the applicable law is found in the Revenue Act of 1926 (which by section 286 thereof is made effective as of January 1, 1925), as follows:

SEC. 209. (a) For the purposes of this section—

(1) The term "earned income" means wages, salaries, professional fees, and other amounts received as compensation for personal services actually rendered, * * *. In the case of a taxpayer engaged in a trade or business in which both personal services and capital are material income producing factors, a reasonable allowance as compensation for the personal services actually rendered by the taxpayer, not in excess of 20 per centum of his share of the net profits of such trade or business, shall be considered as earned income.

(2) The term "earned income deductions" means such deductions as are allowed by section 214 for the purpose of computing net income, and are properly allocable to or chargeable against earned income.

(3) The term "earned net income" means the excess of the amount of the earned income over the sum of the earned income deductions. If the taxpayer's net income is not more than $5,000, his entire net income shall be considered to be earned net income, and if his net income is more than $5,000, his earned net income shall not be considered to be less than $5,000. In no case shall the earned net income be considered to be more than $20,000.

The contention of the petitioner is that he had no income-producing capital invested in his insurance agency business and that his commissions were all received "as compensation for personal services actually rendered," and therefore he was entitled to have as much as $20,000 of his net commissions considered and treated as "earned net income" in each of said years.

In behalf of the respondent it is insisted that the commissions received by the petitioner were not compensation " for personal services actually rendered " by him alone but were in large part the return from the personal services actually rendered by numerous subagents of his, who wrote insurance and produced much of the commissions which he received. Furthermore, that capital was employed in the insurance business of petitioner and was a material income-producing factor therein.

The contract of petitioner with the insurance company which he represented as general agent at Boston, Mass., is not in evidence but the evidence—his testimony, not objected to, indicates that all the commissions he received were for personal services he agreed to render and did actually render under his contract.

His contract was with the company. The subagents' contracts were with him. His commissions, in addition to commissions received when he wrote insurance, came from the company by reason of his personal services in employing his subagents, instructing them, supervising their work, assisting them in securing and retaining insurance, etc. What he received, whether much or little, depended on his personal ability, skill, success, and services in organizing his territory, securing capable and efficient subagents, all of which required his active and constant personal service and attention. It was, as he testified, for that and nothing else that his commissions were paid.

For the services which his subagents rendered him, he paid in accordance with the terms of his contract with them and reported the same as expenses in his income-tax returns.

In the circumstances of the instant case, we are of the opinion that the Commissioner was in error in not allowing the petitioner earned net income in the maximum amount of $20,000 for each of the taxable years in issue.

*Judgment will be entered for the petitioner.*